**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LENARD ALFRED SMOCK, JR. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )     **Case No. 20-cv-1339-SPM** |
| | ) |
| WHIPPER JOHNSON, | ) |
| BRIAN BENNETT, | ) |
| MOLLY KASIAR, | ) |
| JEREMY LLOYD, | ) |
| LOWELL TISON, | ) |
| and RANDY NYBERG, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM and ORDER

**McGLYNN, District Judge:**

Petitioner Lenard Alfred Smock, Jr., a pretrial detainee incarcerated in the Saline County Detention Center, filed a *pro se* Notice of Removal, purporting to remove his pending state criminal proceeding (*People of the State of Illinois v. Lenard A. Smock, Jr.*, Case No. 2020-CF-289) from the Circuit Court of Saline County, Illinois to this Court, pursuant to 28 U.S.C. § 1441, *et seq*. (Doc. 1). The case will be remanded to the state court.

Smock asserts that he is "unable to enforce" his constitutional rights in the pending state court proceeding and invokes 28 U.S.C. § 1443 as the basis for removal and for this Court's jurisdiction. (Doc. 1, p. 3). Smock was arrested on June 2, 2020 on five criminal charges.[1] *Id.* A jury trial was set with a pre-trial conference scheduled for September 18, 2020. (Doc. 1, pp. 4, 12). However, that setting was postponed to December 4, 2020, without Smock having been brought

---

[1] Smock is charged with 2 counts of burglary, 2 counts of theft, and 1 count of possession of methamphetamine under 5 grams. (Doc. 1, pp. 3, 7-11).

to court or consenting to the continuance. (Doc. 1, pp. 4, 15). Smock filed a *pro se* motion to dismiss his case and has been denied copies of any court documents since September 30, 2020. (Doc. 1, pp. 4, 16-20). His motion alleges that he was denied his right to consult with his appointed defense counsel regarding the continuance. (Doc. 1, p. 18). Further, he has been in custody for more than 120 days and has been denied his statutory and constitutional rights to a speedy trial. (Doc. 1, p. 19).

## Discussion

28 U.S.C. § 1443 provides for the removal to federal district court of certain "civil actions or criminal prosecutions." However, Smock's pending state criminal case does not fall within the ambit of this removal statute. Section 1443 was enacted to provide for the removal of cases involving federal equal rights laws guaranteeing racial equality. *J.O. v. Alton Cmty. Unit Sch. Dist. 11*, 909 F.2d 267, 270 n.2 (7th Cir. 1990). "Section 1443 simply does not apply to laws such as the due process clause and 42 U.S.C. § 1983 that work to guarantee rights available to all persons or citizens." *Id.* (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Sunflower Cnty Colored Baptist Ass'n v. Trustees of Indianola Mun. Separate School Dist.*, 369 F.2d 795, 796 (5th Cir. 1966); *New York v. Galamison*, 342 F.2d 255, 266 (2d Cir.), *cert. denied,* 380 U.S. 977 (1965)). *See also Johnson v. Mississippi*, 421 U.S. 213, 219-20 (1975). Nowhere in Smock's pleading or attachments is there any suggestion that his criminal prosecution implicates any equal rights law prohibiting racial discrimination.

Other sections of the removal statutes are likewise inapplicable to authorize Smock's desired removal. 28 U.S.C. § 1441 allows for removal of *civil* actions, which his state criminal prosecution clearly is not. And 28 U.S.C. § 1455 (which Smock did not invoke) sets forth a procedure for removal of criminal prosecutions, but requires that the notice of removal "shall be

filed not later than 30 days after the arraignment in state court, or at any time before trial, whichever is earlier[.]" 28 U.S.C. § 1441(b)(1). Smock's arrest took place on June 2, 2020, and on July 2, 2020, he appeared in court and waived preliminary hearing. (Doc. 1, p. 3). His notice of removal was not filed within 30 days of July 2, 2020 and is therefore untimely under Section 1455. Further, his pleading sets forth no cognizable basis for removal or for allowing a late filing of his notice. *See* 28 U.S.C. § 1445(b)(1).

A review of the state court's online docket indicates that Smock's case was delayed due to COVID-19 related problems.[2] On September 17, 2020, the case was postponed due to a COVID-19 outbreak in the Saline County State's Attorney's office and the matter was reset for pretrial conference on December 4, 2020. When December 4 arrived, Smock's attorney was in quarantine due to COVID-19 and the pretrial conference was reset again for December 18, 2020.

Finally, there is no indication that Smock's claims of a speedy trial violation and/or deprivation of access to his attorney cannot be addressed in state court. Remand is therefore appropriate.

### Pending Motion

Smock's Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 2) is **GRANTED**, based on the information provided in the motion. No payment is due at this time.

### Disposition

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of the

---

[2] *See* Saline County Circuit Clerk online docket, at https://www.judici.com/courts/cases/case_history.jsp?court=IL083015J&ocl=IL083015J,2020CF289,IL083015JL2020CF289D1 (last visited Dec. 15, 2020). Court documents, including electronic docket information, are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

First Judicial Circuit, Saline County, Illinois (Case No. 2020-CF-289) pursuant to 28 U.S.C.

§ 1447(c) and § 1455(b)(4). The Clerk is **DIRECTED** to close this case, enter judgment

accordingly, and to mail a certified copy of this Order to the clerk of the state court. *See* 28 U.S.C.

§ 1447(c).

      **IT IS SO ORDERED.**

      **DATED: December 16, 2020**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**
